### BIRMAH A. SMITH ET AL. v. J. H. BROWN.

(Case No. 2081)

1. CASE APPROVED—The decision in Brown v. Chambers, 63 Tex., 131, as to the sufficiency of descriptions in sheriff's deeds, approved.
2. CONSTRUCTION—CONVEYANCE—The lawful intent of the parties to a written instrument is to be looked to and must govern. To discover that intent the situation of the parties and the subject matter at the time of contracting should be considered; the whole deed should be taken together, and, if possible, effect given to all its parts. See the opinion for the language of a conveyance investing the grantee with the legal title in trust for his children.

APPEAL from Cherokee. Tried below before the Hon. Edwin Hobby.

This was an action of trespass to try title. It was originally brought by J. H. Brown & Co. against Wm. Chambers and Birmah A. and Rial Smith, and involved two tracts of land. The facts are stated in Brown v. Chambers, 63 Tex., 131. Birmah A. and Rial Smith are appellants, and the suit involved the one of the two tracts containing 530 acres.

*C. G. White*, for appellants, cited: Stampers v. Johnson, 3 Tex., 4; Hancock v. Butler, 21 Tex., 804; Hearne v. Gillett, 62 Tex., 26; Carter v. Montgomery, 2 Tenn. Ch. Rpts., 216; Hurd v. French, Id., 350; Parkinson v. McQuaid, 54 Wis., 473; Pray v. Pierce, 7 Mass., 381; Chamberlain v. Crane, 1 N. H., 64; Jackson v. Topping, 1 Wend., 388; Means v. Church, 3 W. & S., 303; Moss v. Sheldon, Id., 160; Jackson v. Ireland, 3 Wend, 99; Hobby on Land Law, sec. 581; Veramendi v. Hutchins, 48 Tex., 531; Wenar v. Stenzel, Id., 485; Thomas v. Groesbeck, 40 Tex., 530; Collins v. Box., Id., 191; Smith v. Strahan, 16 Tex., 314; Story on Eq., 1201, 1202 and note; Lehmberg v. Biberstein, 51 Tex., 457 and cases cited; R. S., 1048, 1646.

*Whitaker* & *Bonner*, for appellee, cited: Fonda v. Van Horne, 15 Wend. (N. Y.), 631; Armitage v. Widoe, 36 Mich., 124-130; Trueblood

*v.* Trueblood, 8 Ind., 195; 1 Minor on Inst. of Law, 485, 486; 1 Am. Lead. Cases, 254, *et seq.*

GAINES, ASSOCIATE JUSTICE.—This case is before this court on appeal for the third time. The opinion on the second appeal is reported in 63 Tex., 131. The case now made is the same as that then presented and adjudicated with one exception. In the opinion, then rendered, it was held, that Donly, the plaintiff in the judgment of Donly against Duren et al. did not release Copeland, the surety of Duren, on his writ of error bond, by causing the execution against his principal to be returned, under the circumstances shown by the statement of facts. On the last trial below, appellants introduced no proof upon this point, and the question is now eliminated from the case. In other respects, the evidence upon the last two trials would seem to be substantially the same.

Counsel for appellees, in their brief again raise in this court a question decided on the former appeal. Under the execution in favor of Donly against Duren and Copeland, issued upon the judgment before referred to, a sale was attempted to be made of the land in controversy by the sheriff. Donly became the purchaser and received the sheriff's deed. This deed was held by the court not to pass the title to Donly, because the land attempted to be conveyed was not described with sufficient certainty. This decision was in accordance with the former rulings of this court upon the question of the sufficiency of descriptions in sheriff's deeds, and we see no reason at this time to question its correctness. The sheriff's sale did not take place until 1868, but Copeland having signed Duren's writ of error bond, in August 1859, and the judgment in that case having been affirmed and the lien thereby created having been kept alive by regular issues of executions as this court has held, the officer's deed, if valid, would have divested Copeland's title at the latter date. This deed, however, not being valid, the title remained in him until September 19, 1861, at which time he conveyed the land to William Chambers "as agent for his minor children" naming them.

If this latter conveyance passed the legal and equitable title of the land to William Chambers alone, then under the conveyances offered in evidence, appellee was entitled to recover the land in the court below. But if it only conveyed the legal title to Chambers in trust for the benefit of his minor children named therein, then appellants ought to have had judgment. The court below took the former view of the instrument, and gave judgment accordingly. The construction of the court upon this deed is assigned as error, and we think the point well taken.

The language of the deed is, "Know all men by these presents, that I, G. W. Copeland, for and in consideration of William Chambers agreeing to a division of certain lands lying and being situate in siad county of Cherokee and embraced in a league of land granted to Larkin Baker, and for the further consideration of $1.00 to me in hand paid by said William Chambers, as agent for his minor children (the receipt whereof is hereby acknowledged), do hereby grant, bargain, sell and convey in quit claim unto him the said William Chambers, as agent as aforesaid," (describing the land,) "to have and to hold said land as agent for his minor children, Francis C. Chambers, Burmah A. Chambers and Mary M. Chambers, to them, their heirs and assigns forever," etc. In construing a written instrument the lawful intent of the parties must be looked to and must govern. Hancock v. Butler, 21 Tex., 804.

As was said in Braman v. Mesick, 10 Cal., 106: "To arrive at this intention the situation of the parties and the subject matter at the time of contracting should be considered: the whole deed should be taken together and, if possible, effect given to all its parts."

What then was the intention of the parties to the deed before us? Clearly, we think, it was to invest William Chambers with the legal title in trust for the use and benefit of his children. A technical conveyancer would probably have used apter words to express the idea, but this does not relieve the court from giving effect to the intention, if the words used make that intention manifest. To convey land to a grantee to be held as agent for another certainly does not mean that it is to be held for the benefit of him who is named as agent. The conveyance must enure to the use of such other, otherwise the language limiting the holding of the grantee is without signification and void.

Looking to the surrounding circumstances, the intention of the parties to the deed is also made apparent. Chambers had sold land which had been paid for with his wife's money, and testifies his object in having the deed so made was to reimburse his children. His declarations, made after the deed was executed and while he was in possession of the land and in derogation of his own title, were to the same effect. In attempting to execute this intention by procuring the deed in question, we cannot see that any rule of law was violated, or anything done in contravention of its policy. On the contrary, the law recognizes that natural affection which moves a father to make provision for his children, as is illustrated in case of resulting trusts. If one causes a deed to be made to another for whom he is under no obligation to provide (the consideration proceeding from himself), the grantee is presumed to hold the land in trust for him who paid the purchase money;

but if the grantee be the child of the latter, the property is considered an advancement, and the conveyance held to vest an absolute title in such grantee. Shepherd v. White, 11 Tex., 346.

The construction we have indicated derives an additional support from the language used in the *habendum* and *tenendum* clause of the deed, which has already been quoted. The words of limitation which pass the title in fee simple in the land are, (after naming the children), "to them, their heirs or assigns forever," clearly indicating that they were to take the use and benefit of the land in fee. We think, therefore, that by the deed from Copeland to him, William Chambers took only a naked legal title in the land in controversy, and that he held no estate in the land which could pass by the mortgage to J. H. Brown & Co., and the sale thereunder; and that for this reason appellant's title should have prevailed in the court below.

Since this case will be reversed, attention is called to the fact that the testimony shows that since the execution of the deed we have had under discussion, Francis C. Chambers, one of the children named therein, married one William Gramling, and died leaving her husband living, but no surviving children. Appellants concede that appellee is entitled to the interest in the land inherited by William Chambers from this daughter. Her husband also inherited an interest in her one-third of the land; and under the rule laid down in the case of The Ship Channel Co. v. Bruly, 45 Tex., 6, would be a necessary party to the suit before a partition could be had.

For the error of the court below in construing the deed of Copeland to Chambers as a conveyance vesting the absolute title in the latter, and in giving judgment for appellees accordingly, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 22 1886.]