## MAXWELL'S UNKNOWN HEIRS et al. v. BOLDING et al. (No. 711.)

Court of Civil Appeals of Texas. Waco. Dec. 6, 1928.

H. E. Chesley, of Hamilton, and Wilkinson & Wilkinson, of Brownwood, for appellants.
A. R. Eidson, of Hamilton, for appellees.

BARCUS, J. This suit was instituted by appellees, Mrs. Bolding, a feme sole, for herself and as next friend for James Maxwell Bolding, a minor, and John C. Williams, against the unknown heirs of James Maxwell, John Maxwell, Daniel Maxwell, Betsy Rawls, Mag Herring, and Mary Carr, for partition of certain real estate. Service was obtained by publication. A large number of defendants answered, alleging that they were the heirs, and only heirs of the various parties named as unknown defendants. Appellees alleged that William and Mollie Maxwell, man and wife, were the owners of several tracts of land as community property, and that they and appellants had inherited all of said land under, and by virtue of, the provisions of the wills of said William and Mollie Maxwell. They alleged that the minor, James Maxwell Bolding, was given one-eighth of the property of Mollie Maxwell and one-seventh of the property of William Maxwell; that Lillian Bolding was given one-eighth of the property under the will of Mollie Maxwell, and John William was given a one-fourth interest under the will of Mollie Maxwell; and that the appellants were given six-fourteenths interest in the property under the will of William Maxwell.

Appellants filed a general demurrer, and a special plea, alleging that the district court had no jurisdiction to partition the property involved in this litigation, because there is an administration now pending upon the estate of William Maxwell, and that C. B. James is the duly and legally appointed administratrix of said estate, acting under the orders of the probate court of Hamilton county. The trial court sustained appellees' special exception to this plea in abatement, and appellants assign error. We sustain this assignment. Appellees, in a supplemental petition, as well as in their brief, state that they are only claiming rights under the will of Mollie Maxwell, deceased, and that they are entitled to have her estate divided, regardless of whether there is an administration pending on the William Maxwell estate or not. The petition of appellees on which they went to trial alleged specifically that the minor, James Maxwell Bolding, was claiming not only under the Mollie Maxwell will, but was claiming a one-seventh interest under the William Maxwell will, and the judgment of partition awards to him the one-seventh interest in the William Maxwell estate as well as the one-eighth interest of the Mollie Maxwell estate. Appellees themselves alleged that all of the property sought to be partitioned was the community estate of William and Mollie Maxwell. They do not allege when either of said parties died. There being an administration pending upon the William Maxwell estate, it is presumed to be both necessary and valid. All the property sought in this suit to be partitioned is alleged to be the community estate of William and Mollie Maxwell. The entire estate is liable for all their community debts, and, until said debts are paid, it could not be determined what interest Mollie Maxwell had.

If the interest of the beneficiaries under the Mollie Maxwell will could be definitely determined, since she only owned an undivided one-half interest in the real estate, it would be necessary for those who own the other half which belonged to the William Maxwell estate and the administrator thereof to be made parties in a partition suit. Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240; Ward v. Hinkle (Tex. Sup.) 8 S.W.(2d) 641. The Constitution of this state gives the probate court original jurisdiction over the estates of deceased persons, and so long as an administration is pending in the probate court, its jurisdiction of said estate is exclusive. Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539; Hutchens v. Dresser (Tex. Civ. App.) 196 S. W. 969; Becknal v. Becknal (Tex. Civ. App.) 296 S. W. 917; McCanless v. Clough (Tex. Civ. App.) 298 S. W. 643; Wallace v. Dubose (Tex. Civ. App.) 242 S. W. 351.

Since the cause must be reversed, we call the attention of counsel to the fact that the petition alleges that the parties appellees and appellants only own an undivided one-half interest in one of the tracts of land sought to be partitioned. The rule seems to be well established that, before property can be partitioned, all of the joint owners or co-tenants must be made parties, either plaintiff or defendant, in order that the court ordering partition may determine the interest each party has therein and make a proper distribution of the property. Holloway v. McIlhenny Co., supra; Porter v. Rogers (Tex. Civ. App.) 293 S. W. 577; Ward v. Hinkle, supra; Smith v. Brown, 66 Tex. 543, 1 S. W. 573; McDade v. Vogel (Tex. Civ. App.) 173 S. W. 506.

It appearing from the record that the district court had no jurisdiction to partition the property in question, the judgment of the trial court is reversed, and the cause remanded.