## BLANCHARD v. BLANCHARD.
### No. 3111.

Court of Civil Appeals of Texas. Beaumont.
April 15, 1937.

John A. Veillon, of Beaumont, for appellant.

D. C. Bland, of Orange, for appellee.

WALKER, Chief Justice.

In the lower court, appellant, Arminie Blanchard, as plaintiff, was awarded judgment of divorce against her husband, Rudolph Blanchard, appellee, and partition of certain personal community property. In her petition, appellant also claimed a half interest in 38 acres of land as her separate property; the other half interest belonged to her children by a former marriage who are not parties to this suit. By his answer, appellee claimed 8 acres of the 38 acres, which, on trial to the court without a jury, was awarded to him; by her appeal, appellant assigns error only against this portion of the judgment. On the undisputed testimony, appellant's children by her former marriage were necessary parties to this suit in order to partition the land in issue, since they owned a half interest in the land. The evidence raised the issue, though the facts were not pleaded by appellee, that he made substantial payments from community funds on a debt against this land which existed at the time he married appellant. The law is that, in a partition suit, all part owners should be made parties; the rule was thus stated in Maxwell's Unknown Heirs v. Bolding (Tex. Civ.App.) 11 S.W.(2d) 814, 815: "The rule seems to be well established that, before property can be partitioned, all of the joint owners or co-tenants must be made parties, either plaintiff or defendant, in order that the court ordering partition may determine the interest each party has therein and make a proper distribution of the property."

In 32 Tex.Jur. 184, it is said: "When in the course of the suit it is disclosed that all who have interests in the property have not been made parties, the court should arrest the proceedings until all have been joined; and this should be done at any stage of the case. The defect appearing in the appellate court, the judgment will be reversed although no objection may have been made in the trial court. The rule results from the impossibility of making a binding decree without having all parties who own an interest in the land to be affected by it before the court.'"

For the want of necessary parties, the judgment of the lower court is reversed and the cause remanded for a new trial on the issue of partition of the 38 acres of land; on the issue of divorce and partition of the community personal property, the judgment of the lower court is affirmed.

Affirmed in part and reversed and remanded in part.