Marcia Fuller FRENCH, Trustee of
the W.M. Fuller Management
Trust, Petitioner,

v.

CHEVRON U.S.A. INC., Meridian Oil Inc.,
Enserch Exploration, Inc., Scurlock Per-
mian Corporation, Phibro Energy USA,
Inc., Rosalie E.S. Calvert Ray, Individu-
ally and as Life Tenant, Corner/Fain Oil
Trust, David Randolph Ray, Jr., George
Calvert Ray and B. Michael Cummings,
Independent Executor of the Estate of
Edna Louise Newson, Respondents.

No. 94–0377.

Supreme Court of Texas.

Argued Dec. 13, 1994.

Decided March 30, 1995.

Rehearing Overruled May 11, 1995.

Samuel A. Denny, Thomas H. Law, H. Allen Pennington, Jr., and Andrew C. Rector, Fort Worth, for petitioner.

G. Alan Kramer, Houston, W.B. Browder, Jr., Richard E. Booth, Midland, Thomas M. Callan, Dallas, Letitia H. White, Houston, John A. "Jad" Davis, Midland, T. Michael Wall, and Jeril R. Benedict, Houston, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
EIGHTH DISTRICT OF TEXAS

Justice ENOCH delivered the opinion of the Court, in which all Justices join.

The controversy in this case is over the size of an interest conveyed by a mineral deed. Grantee's successor-in-interest claims to own a royalty interest equal to the value of 1/656.17 of all oil and gas produced from the entire tract of land involved. Grantor's successors-in-interest contend that the deed conveyed only a 1/656.17 portion of the royalty to be paid by the lessor. We agree with the grantor's successors-in-interest and consequently affirm the judgment of the court of appeals.

In 1943, George Calvert (Grantor), the owner of a 1/32 mineral interest in a 32,808.5 acre tract, deeded a fifty acre, 1/656.17 interest to Capton M. Paul (Grantee). The pertinent parts of the document, titled "Mineral Deed," read as follows:

[Paragraph I.]

That I, George Calvert, ... do grant, bargain, sell, convey, set over, assign and deliver unto Capton M. Paul, an undivided Fifty (50) acre interest, being an undivided 1/656.17th interest in and to all of the oil, gas and other minerals, in, under and that may be produced from the following described lands....

[Paragraph II.]

*It is understood and agreed that this conveyance is a royalty interest only,* and that neither the Grantee, nor his heirs or assigns shall ever have any interest in the delay or other rentals or any revenues or monies received or derived from the leasing of said lands present or future or any part thereof, or the renewal or extension of any lease or leases now on said lands or any part thereof. Neither the Grantee herein nor his heirs or assigns shall ever have any control over the leasing of said lands or any part thereof or the renewal or extending of any lease thereon or for the making of any lease contract to develop or prospect the same for oil, gas or other minerals, which is hereby specifically reserved in the Grantor.

(Emphasis added).

Petitioner Fuller Trust, the successor-in-interest to the grantee, brought suit against Grantor Calvert's successors to construe the deed as conveying a royalty interest. Fuller Trust maintains the deed conveyed a pure fixed royalty interest of 1/656.17 of all production. Respondent Chevron claims the deed conveyed a mineral interest with a reservation of all rights stated in paragraph II. If the deed conveyed a mineral interest reduced by reservations, the grantee would receive only a 1/656.17 fraction of any royalty payable under a lease.

■ Both parties sought summary judgment, asserting that the deed is unambiguous and that its construction is a question of law. If the language is unambiguous, the court's primary duty is to ascertain the intent of the parties from the language of the deed by using the "four corners" rule. *Luckel v. White,* 819 S.W.2d 459, 461 (Tex.1991). The trial court denied Fuller Trust's summary judgment motion, finding only that the case

constituted a proper declaratory judgment action, and granted Chevron's motion, holding that the deed conveyed a mineral interest with a reservation of certain rights.

On appeal, Fuller Trust argued that the phrase "royalty interest only" indicated that the parties intended to transfer only a royalty interest in production from the land. As support, Fuller Trust cited *Watkins v. Slaughter*, 144 Tex. 179, 189 S.W.2d 699 (1945), in which a deed containing language similar to the Calvert–Paul deed was held to convey a royalty interest. The court of appeals concluded that under *Watkins* and other Texas decisions, a deed transferring a royalty interest must expressly provide that royalty be from "actual production." On the basis that the Paul deed did not include that language, the court of appeals distinguished *Watkins* and affirmed the judgment of the trial court. 871 S.W.2d 276, 278.

■ The conflict in this case comes in reconciling language in paragraph one, which appears to convey a mineral estate, with the language in paragraph two, which explicitly states that only a royalty interest is being conveyed. A mineral estate consists of five interests: 1) the right to develop, 2) the right to lease, 3) the right to receive bonus payments, 4) the right to receive delay rentals, and 5) the right to receive royalty payments. *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986). A conveyance of a mineral estate need not dispose of all interests; individual interests can be held back, or reserved, in the grantor. However, "[w]hen an undivided mineral interest is conveyed, reserved, or excepted, it is presumed that all attributes remain with the mineral interest unless a contrary intent is expressed." *Day & Co. v. Texland Petroleum*, 786 S.W.2d 667, 669 n. 1 (Tex.1990).

■ While the first paragraph appears to grant a mineral estate, the second paragraph of the lease specifically states that the interest conveyed is a royalty interest only. The clause in the second paragraph, beginning "and that," sets forth the consequences of the royalty interest only declaration, by going further to specifically reserve in the grantor the four components of a mineral estate other than the royalty: the rights to lease, to receive bonus payments, to receive delay rentals and to develop or prospect.[1]

■ We must ascertain what was meant by the language used in the conveyance, so we begin by noting the relevant canon of construction. "[I]n construing a written instrument the lawful intent of the parties must be looked to and must govern." *Smith v. Brown*, 66 Tex. 543, 1 S.W. 573 (1886). Because "once a dispute arises over meaning, it can hardly be expected that the parties will agree on what meaning was intended," courts use canons of construction to help ascertain the parties' intent. *Southland Royalty Co. v. Pan. Am. Petroleum Corp.*, 378 S.W.2d 50, 59 (Tex.1964) (Calvert, C.J., concurring).[2] The "four corners" canon of construction means that the court must look at the entire instrument to ascertain the intent of the parties. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex.1991).

■ We interpret the transfer to have conveyed a 1/656.17 mineral interest with reservation of all developmental rights, leasing rights, bonuses, and delay rentals. The conveyance grants, in essence, only a royalty interest, as stated in the second paragraph. First, the granting clause must be read in light of the rest of the document. Paragraph one states that the grantor is conveying a fifty acre interest. A "fifty acre interest" is 1/656.17 of the 32,808.5 tract, and the deed

1. The court of appeals held that the deed was silent as to the conveyance of the right to develop and therefore, that right was impliedly transferred to the grantee. This conclusion is incorrect for two reasons. First, the right to develop is a correlative right and passes with the executive rights. *Day & Co. v. Texland Petroleum*, 786 S.W.2d 667, 669 n. 1 (Tex.1990). Second, we read the reservations clause in this conveyance as reserving the right to develop in the grantor. It states that the grantee has no control over "the making of any lease contract to develop or prospect." Consequently, we also conclude that the right to develop was reserved in the grantor.

2. For an exhaustive account of the various canons of construction used to interpret mineral deeds and leases, see Bruce M. Kramer, *The Sisyphean Task of Interpreting Mineral Deeds and Leases: An Encyclopedia of Canons of Construction*, 24 Tex.Tech.L.Rev. 1 (1993).

then recites that it is conveying "an undivided 1/656.17th interest in and to all of the oil, gas, and other minerals in, under, and that may be produced from the described lands." Standing alone, this would convey a 1/656.17 interest in the minerals. Paragraph two indicates that the interest in the minerals conveyed in paragraph one is a royalty interest. The remainder of paragraph two is best interpreted as explaining the consequences of the "royalty only" description. It reserves in the grantor the right to receive delay or other rentals, or any revenues from the leasing or from any renewal or extension of any lease. This reservation would be redundant and would serve no purpose whatsoever if the interests in minerals being conveyed was a 1/656.17 royalty interest, that is, 1/656.17 of all production. A grant of a royalty interest, without any further grant, does not convey an interest to the grantee in delay or other rentals, or in bonus payments, nor would it convey executive rights. The meaning of this grant is to convey an interest in the nature of a royalty—a mineral interest stripped of appurtenant rights other than the right to receive royalties. From the four corners of the document, we conclude that the parties intended to convey a 1/656.17 mineral interest with the reservations described, thus conveying only the royalty portion of the mineral interest. This harmonizes and gives effect to all portions of the deed. *Luckel,* 819 S.W.2d at 461. In other words, when a deed conveys a royalty interest by the mechanism of granting a fractional mineral estate followed by reservations, what is conveyed is a *fraction of* royalty, not a fixed fraction of total production royalty. *See, e.g., Brown v. Havard,* 593 S.W.2d 939, 942, 946 (Tex.1980) (distinguishing between conveyance of fraction of production as royalty and *fraction of* royalty).

The court of appeals correctly affirmed the trial court's summary judgment. We affirm the judgment of the court of appeals and render judgment by construing the Paul deed as conveying to Paul a 1/656.17 interest in the minerals and not 1/656.17 of production *as* royalty.