## TEMPLE–INLAND FOREST PRODUCTS CORPORATION et al., Petitioners,

v.

## HENDERSON FAMILY PARTNERSHIP, LTD., et al., Respondents.

No. 96–0124.

Supreme Court of Texas.

July 9, 1997.

Rehearing Overruled Jan. 16, 1998.

Robert G. Osborn, Lufkin, Linda Cheryl Cansler, Beaumont, for petitioners.

Allan W. McGraw, Austin, for respondents.

PER CURIAM.

The sole issue in this case is whether two conveyances of mineral estates reserved 1/16

interests in minerals or 1/16 royalty interests. We conclude that each of the deeds reserved a 1/16 royalty. Accordingly, we reverse the judgment of the court of appeals, 911 S.W.2d 531.

In 1938, J.S. Ashmore, C.N. Ashmore, Julia Ashmore, Walter Ashmore, Florence Ashmore, and Olar Wells executed a mineral deed in which D.M. Henderson and R.W. Henderson were the grantees. On the same date, C.N. Ashmore and Julia Ashmore executed a mineral deed to the Hendersons covering an adjacent tract. Temple–Inland Forest Products Corporation and the other Petitioners (Temple–Inland) are the successors in interest of the grantors, and Respondents (the Hendersons) are the successors in interest of the grantees. The portions of the deeds relevant to our inquiry are virtually identical. They provide:

> Grantor[s] ... grant, bargain, sell, convey ... an undivided fifteen-sixteenths (15/16ths) interest in, to and of all oil, gas and other minerals ... that may be produced from the following described land....
>
> *     *     *
>
> In respect to the undivided one-sixteenth (1/16th) part of and interest in the oil, gas and other minerals retained and reserved by the Grantor in said land, it is understood and agreed that *said one-sixteenth (1/16th) interest is and shall always be a royalty interest,* and *shall not be charged with any of the costs* which the Grantee may incur in exploring, drilling, mining, developing and operating wells or mines for the production of oil, gas and other minerals; and, if the Grantee ... or any person or concern to whom the Grantee shall give an oil and gas mining lease thereon, shall, by his or their explorations and operations, discover and produce oil, gas and other minerals, the Grantor's *one-sixteenth (1/16th) royalty interest* above referred to shall be delivered *free of cost* to the Grantor at the wells or mines or to the credit of Grantor in pipe lines or storage provided by the Grantor. It is expressly understood that the Grantee shall never be required or under any covenant or obligation, whether express or implied, to drill or operate on said lands or any part thereof for the discovery of or production of oil, gas and other minerals, and that all drilling operations and development for oil, gas and other minerals, before and after discovery, shall be *solely at the Grantee's option and election,* and that any wells or mines discovered or drilled by the Grantee may be abandoned or operated by him at any time at his election or discretion; provided that, before *Grantor's royalty* shall be calculated and determined, all oil, gas and other minerals used for light, heat and operations by the Grantee and any taxes against the production shall be first deducted.

> *     *     *

> [I]t being agreed that the *Grantor shall not be required to join in or ratify any oil and gas mining lease* which the Grantee may grant by virtue of his ownership hereunder and that *Grantor shall be entitled to none of the bonus money therefor and to no part of the delay rentals* paid thereunder; it being further understood that any change of ownership of the *one-sixteenth (1/16th) royalty* belonging to Grantor, whether effected by conveyance, will, partition or otherwise, shall entitle the respective owners only to their proportionate part of *said royalty,* and that the Grantee shall not be responsible for the payments or delivery of *said royalty* to any new owners unless and until he shall be furnished with the instrument of transfer or duly certified copy thereof.

(emphasis added).

The Hendersons brought a declaratory judgment action to resolve what interests were reserved by these deeds, and Temple–Inland counterclaimed, also seeking a declaratory judgment. The parties filed cross motions for partial summary judgment, and the trial court held that the reserved interests were 1/16 interests in minerals. Upon rendition of a final judgment, Temple–Inland appealed. The court of appeals affirmed, with one justice dissenting. Temple–Inland filed an application for writ of error with this Court.

The deeds at issue are similar to the conveyance construed in *Watkins v. Slaughter,* 144 Tex. 179, 189 S.W.2d 699 (1945). The deed in *Watkins,* like these deeds, purported to convey a 15/16 interest in the minerals. The *Watkins* instrument further provided:

> [G]rantor retains title to a 1/16 interest in and to all of the oil, gas and other minerals in and under and that may be produced from said land; but it is distinctly agreed and understood that the grantor ... shall not receive any part of the money rental paid on any future lease; and the grantee, his heirs or assigns, shall have authority to lease said land and receive the cash bonus and rental; and the grantor ... shall receive the royalty retained herein only from actual production....

*Id.* 189 S.W.2d at 699.

We observed in *Watkins* that if the granting clause and the reservation of a 1/16 interest had "been the whole of what the deed contained," the grantee would have received only a 1/16 mineral fee interest. *Id.* at 700. However, a mineral conveyance must be considered in its entirety. *Id.*; *see also Concord Oil Co. v. Pennzoil Exploration & Prod. Co.,* —— S.W.2d ——, —— (Tex.1998); *French v. Chevron U.S.A., Inc.,* 896 S.W.2d 795, 797 (Tex.1995). We concluded in *Watkins* that a royalty interest had been conveyed. The grantor's reservation referred to "the royalty retained herein" to be paid from production while the grantee received all delay rentals, the executive rights, and all bonuses. *Watkins,* 189 S.W.2d at 700. The deed in *Watkins,* when considered as a whole, reserved a 1/16 royalty. *Id.* We adhere to our decision in *Watkins* and hold that the reservation in the Henderson deed was a 1/16 fixed royalty. We note, however, that commentators have suggested that the reasoning in *Watkins* might not be sound if the fraction were greater than 1/8. *See* 1 HOWARD R. WILLIAMS & CHARLES J. MEYERS, OIL AND GAS LAW § 304.10, at 503 n. 5 (Patrick H. Martin & Bruce M. Kramer eds., 1996).

Our decision in *French v. Chevron* did not overrule *Watkins v. Slaughter.* In *French,* the grantor conveyed "an undivided Fifty (50) acre interest, being an undivided 1/656.17th interest in and to all of the oil, gas and other minerals" under a 32,808.5–acre tract. 896 S.W.2d at 796. The fraction 1/656.17 was equal to 50/32,808.5. We observed that standing alone, this clause would convey a mineral interest. *Id.* at 798. However, the deed further provided that "this conveyance is a royalty interest only." *Id.* at 796. We then considered the other provisions of the document under which the grantor had reserved all the attributes of the mineral estate except the right to receive 1/656.17 of the royalty. We concluded that the grantor conveyed a 1/656.17 interest in the minerals stripped of the executive rights, the right to develop, and any right to receive delay rentals or bonuses. *Id.* at 797–98. One difference between the *French* deed and the conveyance in *Watkins* is that the *French* deed specified a 50–acre interest. The owner of 50 royalty acres out of a 32,808.5 acre tract is entitled to receive 50/32,808.5 *of* royalty, not a 50/32,808.5 fixed royalty. *See generally* 1 WILLIAMS & MEYERS, *supra,* § 320.3, at 675 (stating that the owner of 50 royalty acres in a 100–acre tract is entitled to 1/2 *of* royalty, or a 1/16 royalty where the lease provides for 1/8 royalty); *see also Woods v. Sims,* 154 Tex. 59, 273 S.W.2d 617, 621 (1954) (indicating in dicta that 25–acre interest in royalty out of a 226.88–acre tract would have conveyed 25/226.88 *of* royalty).

This Court similarly looked to the conveyance as a whole in *Altman v. Blake,* 712 S.W.2d 117, 118 (Tex.1986), in determining whether a royalty interest or a mineral interest had been conveyed. Although the grantor in *Altman* had excluded from the grant the executive rights and the right to receive any delay rentals, the deed used language that historically has been construed as a grant of a mineral interest, and there was an affirmative grant of the rights of ingress and egress for purposes of exploration and production. The word "royalty" was not used. We held that the interest conveyed was a mineral interest stripped of two of the attributes of a mineral interest. *Id.* at 118–19; *see also Delta Drilling Co. v. Simmons,* 161 Tex. 122, 338 S.W.2d 143, 145–46 (1960) (holding that a 1/4 mineral interest stripped of the executive rights and the right to receive de-

lay rentals was conveyed); *Schlittler v. Smith,* 128 Tex. 628, 101 S.W.2d 543, 544 (1937) (holding that the grantor reserved 1/2 of royalties when the word "royalty" was used and therefore that the grantor was not entitled to receive 1/2 of bonuses and delay rentals).

The court of appeals in this case concluded that our decisions in *Watkins* and *French* require a reference to "royalty from actual production" to convey or reserve a royalty interest. 911 S.W.2d at 535. This misconstrues our decisions. We have never required that any particular word or phrase be used. The interest conveyed or reserved is to be determined from all the provisions of the instrument. *See Altman,* 712 S.W.2d at 118; *Watkins,* 189 S.W.2d at 700. The deeds at issue in this case leave no room for doubt that a royalty interest was reserved. The word "royalty" is used no less than six times in each deed, and the interest retained is free of the costs of drilling and production. A royalty interest is by definition free of production costs. 1 EUGENE KUNTZ, A TREATISE ON THE LAW OF OIL AND GAS § 16.2, at 482 (1987); 1 ERNEST E. SMITH & JACQUELINE LANG WEAVER, TEXAS LAW OF OIL AND GAS § 2.4(A), at 51 (1991); *see Wagner Supply Co. v. Bateman,* 118 Tex. 498, 18 S.W.2d 1052, 1055 (1929); *see also Delta Drilling Co. v. Simmons,* 161 Tex. 122, 338 S.W.2d 143, 147 (1960).

Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court grants the application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment that the deeds each reserved a 1/16 royalty interest.