July 30, 2014

The Honorable Herb Hancock
Karnes County Attorney
210 West Calvert
Karnes City, Texas 78118

Opinion No. GA-1072

Re: Whether a taxing unit may reserve mineral interests on property that is acquired through tax foreclosure and then resold pursuant to section 34.05 of the Tax Code (RQ-1182-GA)

Dear Mr. Hancock:

You ask whether a taxing unit may reserve mineral interests on property that is acquired through tax foreclosure and then resold under section 34.05 of the Tax Code.[1] You explain that Karnes City initiated a tax foreclosure sale on a certain tract of land and then acquired the property after it failed to receive a sufficient bid. Request Letter at 1; *see* TEX. TAX CODE ANN. § 34.01(j) (West Supp. 2013) (explaining what constitutes a sufficient bid for a tax foreclosure sale property). You tell us that Karnes City then "held the property in trust" for multiple taxing entities until it sold the property to Karnes County. Request Letter at 1. You state that the deed of sale to Karnes County "did not include the mineral interests that were owned by the [delinquent taxpayer] in the tax sale." *Id.* You question whether section 34.05 authorizes the taxing unit, "on behalf of itself and the other participating taxing units, [to] reserve mineral interests" on the property in the resale deed. *Id.*

Chapter 34 of the Tax Code governs the sale and acquisition of property subject to tax foreclosure. *See* TEX. TAX CODE ANN. §§ 34.01–.23 (West 2008 & Supp. 2013). Under section 34.01, a property that fails to receive a sufficient bid at a tax foreclosure sale may be "bid off" to the taxing unit that initiated the sale. *Id.* § 34.01(j) (West Supp. 2013). When a property is "bid off," the taxing unit "takes title to the property for the use and benefit of itself and all other taxing units that established tax liens in the suit." *Id.* § 34.01(k). The deed to the taxing unit "vests good and perfect title in the purchaser or the purchaser's assigns," which includes "all the interest owned by the defendant, including the defendant's right to the use and possession of the property, subject only to the defendant's right of redemption." *Id.* § 34.01(k), (n). To acquire

---

[1]Letter from Honorable Herb Hancock, Karnes Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Jan. 27, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

mineral interests[2] at a tax foreclosure sale, "those interests must have been taxed together with the surface and thus have been similarly delinquent and subject to the foreclosed tax lien." *Pounds v. Jurgens*, 296 S.W.3d 100, 108 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

After the property has been "bid off," section 34.05 authorizes the taxing unit to resell it "at any time by public or private sale." TEX. TAX CODE ANN. § 34.05(a) (West Supp. 2013). When the property is resold, section 34.05 provides that the deed must "convey[] to the purchaser the right, title, and interest acquired or held by each taxing unit that was a party to the judgment foreclosing tax liens on the property." *Id.* § 34.05(e), (k). This provision gives rise to your question.

In Attorney General Opinion V-1302, this office addressed a similar question involving the statutory predecessor to section 34.05. *See* Tex. Att'y Gen. Op. No. V-1302 (1951) at 1–2. Former article 7345(b), section 9, provided that when a taxing unit resells property acquired at a tax foreclosure sale and held on behalf of other taxing units, the purchaser at resale "shall receive all of the right, title, and interest in said property as was acquired and is then held by said taxing unit."[3] Construing that language, the opinion concluded that when a property is resold under former article 7345(b), section 9 "all of the right, title, and interest in said property is to be conveyed by the taxing unit and acquired by the purchaser. This precludes the retention by the selling taxing unit of any mineral interest in the land." Tex. Att'y Gen. Op. No V-1302 (1951) at 2. When the Legislature recodified this language in section 34.05, it removed "all of" before "the right, title, and interest," and changed the phrase "acquired and is then held" to "acquired or held."[4] We thus reexamine the authority of a taxing unit to reserve mineral interests on property it acquired at a tax foreclosure sale when the property is resold under the current statutory language of section 34.05.

Construction of any statute starts with a consideration of its plain language, which is the best indicator of the Legislature's intent. *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE. ANN. § 311.011(a) (West 2013). Section 34.05 refers to "the right, title, and interest acquired or held," which plainly means all of the rights, title, and interests acquired or held by each taxing unit. *See id.* § 311.012(b) (providing the rule of

---

[2]"A mineral estate consists of five interests: 1) the right to develop, 2) the right to lease, 3) the right to receive bonus payments, 4) the right to receive delay rentals, and 5) the right to receive royalty payments." *French v. Chevron U.S.A., Inc.*, 896 S.W.2d 795, 797 (Tex. 1995).

[3]Act of June 5, 1947, 50th Leg., R.S., ch. 454, § 1, sec. 9, 1947 Tex. Gen. Laws 1061, 1061, *repealed and recodified by* Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, sec. 34.05, § 6(a)(1), 1979 Tex. Gen. Laws 2217, 2298–99, 2329 (amended 2011) (current version at TEX. TAX CODE ANN. § 34.05(e), (k) (West Supp. 2013)).

[4]*Compare* Act of June 5, 1947, 50th Leg., R.S., ch. 454, § 1, sec. 9, 1947 Tex. Gen. Laws 1061, 1061 (repealed and recodified 1979), *with* TEX. TAX CODE ANN. § 34.05(e), (k) (West Supp. 2013).

statutory construction that the singular includes the plural and vice versa); *cf.* Tex. Att'y Gen. Op. No. V-1302 (1951) at 2 (concluding that the statutory predecessor of section 34.05 required the conveyance of all of the right, title, and interest in the property).  The phrase "acquired or held" can be read to suggest that the rights, title, and interests originally acquired by a taxing unit at the tax foreclosure sale may be different from what is held by a taxing unit at the time the property is resold.  *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex. 2000) (stating that the word "or" is typically disjunctive, "signifying a separation between two distinct ideas").  Under that construction, the property interests originally acquired at the tax foreclosure sale may not be the exact property interests that are conveyed at resale.

We do not answer here whether a taxing unit has authority, prior to a section 34.05 sale, to convey mineral interests in property acquired in a tax foreclosure sale.  We understand your question to be whether, at the time of the section 34.05 sale, a taxing unit may reserve mineral rights rather than convey all the property interests it holds at that time.  Notwithstanding any change in the nature of the taxing unit's interests in the property that may have occurred between acquisition and resale, the plain language of section 34.05 plainly requires that all rights, title, and interests held by the taxing unit at the time the property is resold must be conveyed in the deed.  Section 34.05 contains no language authorizing a taxing unit, by itself or on behalf of other taxing units, to reserve any interest when reselling a property it acquired at a tax foreclosure sale.

It is well established that "where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed."  *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887, 892 (Tex. 1969) (orig. proceeding) (citing *Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923)).  Section 34.05 authorizes a taxing unit to resell property acquired at a tax foreclosure sale and provides a specific method for doing so that does not allow for the reservation of any property interests in the resale deed.  Thus, a court would likely conclude that section 34.05 does not authorize a taxing unit to reserve mineral interests on property it acquired at a tax foreclosure sale if it holds such interests at the time the property is resold.[5]

---

[5]On the facts as you have presented them, we cannot definitively determine in this instance whether the mineral interests owned by the delinquent taxpayer at the tax foreclosure sale should have been included on the resale deed. *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (noting that questions of fact are not resolved in the opinion process).

## SUMMARY

A court would likely conclude that section 34.05 of the Tax Code does not authorize a taxing unit to reserve mineral interests on property acquired at a tax foreclosure sale if it holds such interests at the time the property is resold under that section.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee